**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-7016**

ANTONIO G. STEWART,

       Petitioner - Appellant,

    v.

STATE OF MARYLAND; BALTIMORE CITY CIRCUIT CT; E.C.I.; WARDEN MR. WILLIAM BAILEY,

       Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge.  (1:23-cv-01725-GLR)

Submitted:  March 27, 2025                                    Decided:  April 1, 2025

Before THACKER and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Antonio G. Stewart, Appellant Pro Se.  Andrew John DiMiceli, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio G. Stewart seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2254 petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 148 & n.9 (2012) (explaining that § 2254 petitions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2244(d)(1)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez*, 565 U.S. at 140-41 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Stewart has not made the requisite showing. As to the district court's timeliness ruling, Stewart's state postconviction filings, which were filed long after the federal limitations period expired, did not toll or revive his time to file his § 2254 petition. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ("[T]ime limits on postconviction petitions are conditions to filing, such that an untimely petition would not be deemed 'properly filed.'" (internal quotation marks and brackets omitted)). Although Stewart indicated that he was unaware of his right to file a federal habeas petition because his attorney never informed him of his right, the district court's finding that Stewart raised no adequate grounds to excuse his untimely district court filing is not debatable. *See, e.g.*, *United States v. Sosa*, 364 F.3d

2

507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

Accordingly, we deny Stewart's motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3